THE SALDARRIAGA LAW FIRM
275 Madison Avenue, Suite 2300
New York, New York 10016
(212) 682-4904
E-MAIL: vhslaw@aol.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
:
GREGORY BARRANTES,                                              :
:
Plaintiff,              :
:           **COMPLAINT**
- against -                                :
:
BEAVER COUNTY AUTO RENTAL, INC.,                                :
LATSKO AUTOMOTIVE, LP, AND                                      :
MATTHEW THOMAS MILLER,                                          :
:
Defendants.             :
----------------------------------------------------------------X

Plaintiff, GREGORY BARRANTES, by his attorneys THE SALDARRIAGA LAW FIRM, complaining of Defendants alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for personal injuries sustained by Plaintiff, GREGORY BARRANTES, as a result of the Defendants' negligence stemming from a motor vehicle accident that occurred on May 18, 2020.

2. Defendants negligently, carelessly and recklessly owned, operated, controlled, maintained and managed a motor vehicle that struck the rear end of the Plaintiff's motor vehicle. The subject motor vehicle accident occurred in the Commonwealth of Pennsylvania.

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 based upon diversity

of citizenship.

4. Plaintiff GREGORY BARRANTES is a resident of Kings County, in the State of New York., within the Eastern District of New York.

5. All Defendants reside within the Commonwealth of Pennsylvania.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

7. Venue properly lies in this district under 28 U.S.C. §1391(b)(2).

## PARTIES

8. At all relevant times, Plaintiff GREGORY BARRANTES ("Mr. Barrantes" or "Plaintiff") resided within the County of Kings, in the State of New York.

9. Upon information and belief, that at all times herein mentioned, Defendant BEAVER COUNTY AUTO RENTAL, INC. ("BEAVER") was and is a foreign corporation and maintains an office for the conduct of business at 2755 Darlington Rd., Beaver Falls, Pennsylvania 15010.

10. Upon information and belief, that at all times herein mentioned, Defendant BEAVER is duly organized and existing under the laws of the Commonwealth of Pennsylvania, and registered as a foreign corporation to do business within the State of New York.

11. Upon information and belief, that at all times herein mentioned, Defendant BEAVER was and is doing business within the State of New York.

12. Upon information and belief, that at all times herein mentioned, Defendant BEAVER was and is transacting business within the State of New York, or was and is contracting anywhere to supply goods or services within the State of New York.

13. Upon information and belief, that at all times herein mentioned, Defendant LATSKO

AUTOMOTIVE, LP ("LATSKO") is and was a foreign limited partnership and maintains an office for the conduct of business at 1500 Wilmington Rd., New Castle, Pennsylvania 16101.

14. Upon information and belief, that at all times herein mentioned, Defendant LATSKO is duly organized and existing under the laws of the Commonwealth of Pennsylvania, and registered as a foreign limited partnership to do business within the State of New York.

15. Upon information and belief, that at all times herein mentioned, Defendant LATSKO was and is doing business within the State of New York.

16. Upon information and belief, that at all times herein mentioned, Defendant LATSKO was and is transacting business within the State of New York, or was and is contracting anywhere to supply goods or services within the State of New York.

17. Upon information and belief, that at all times herein mentioned, Defendant MATTHEW THOMAS MILLER ("MILLER") was and still is a resident of the Commonwealth of Pennsylvania, and resides at 341 Meyran Avenue, #1, Pittsburgh, Pennsylvania 15213.

18. Upon information and belief, that at all times herein mentioned, Defendant MILLER was and is doing business within the State of New York.

19. Upon information and belief, that at all times herein mentioned, Defendant MILLER was and is transacting business within the State of New York.

20. Upon information and belief, that at all times herein mentioned, and more particularly on May 18, 2020, Defendants BEAVER and LATSKO were the owners of the 2020 Jeep motor vehicle, bearing license plate number LFV3009, registered in the Commonwealth of Pennsylvania ("2020 Jeep").

21. That at all times herein mentioned, and more particularly on May 18, 2020,

Defendant MILLER was operating the 2020 Jeep owned by Defendants BEAVER and LATSKO.

## AS AND FOR A CLAIM FOR RELIEF

22. Paragraphs 1 through 21 are incorporated as if fully set out herein.

23. On May 18, 2020, the Plaintiff GREGORY BARRANTES was the driver and owner of the 1987 Suzuki motor vehicle, which was headed Eastbound on Interstate 76 ("I-76") at or near the 92.9 Mile Marker from the City of Pittsburgh, in Westmoreland County, Commonwealth of Pennsylvania.

24. Also on May 18, 2020, the Defendant Miller was the operator the 2020 Jeep that was headed Eastbound on I-76 at or near the 92.9 Mile Marker from the City of Pittsburgh, in Westmoreland County, Commonwealth of Pennsylvania.

25. That on May 18, 2020, Defendant MILLER operated the aforesaid 2020 Jeep motor vehicle with the permission and consent of Defendants BEAVER and LATSKO, expressed or implied, on I-76 at or near the 92.9 Mile Marker from the City of Pittsburgh, in Westmoreland County, Commonwealth of Pennsylvania.

26. That at said time and place, the vehicle operated by Defendant MILLER struck the 1987 Suzuki owned by Plaintiff GREGORY BARRANTES, in the rear.

27. That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of the Defendants, in their respective ownership, operation, control, care, custody, charge, supervision, management and maintenance of the motor vehicle; in operating the said motor vehicle at an excessive, unlawful and improper rate of speed; in failing to keep said motor vehicle under careful, lawful and proper control; in failing to keep proper lookout; in failing to observe the conditions of the roadway prevailing at the time and place aforesaid; in failing to observe the

plaintiff's vehicle in sufficient time so as to avoid the occurrence complained of; in failing to have adequate brakes and/or braking devices or in failing to properly apply same in sufficient time so as to avoid the occurrence complained of; in failing to give Plaintiff any and/or adequate and/or sufficient warning or notice of the impending occurrence by sound of horn or otherwise; in failing to steer said motor vehicle so as to avoid the occurrence complained of; making improper, unsafe and unlawful steering maneuvers; in failing to comply with the rules of the road appertaining at the time and place aforesaid; in failing to observe and/or obey any traffic signs, signals or devices then and there existing; in causing said motor vehicle to come into contact and collision with the plaintiff's vehicle; in violating the applicable and pertinent sections of the vehicle and traffic laws of the Commonwealth of Pennsylvania; in failing to exercise the necessary and requisite steps to prevent this foreseeable occurrence.

28. That the aforesaid occurrence was caused solely and wholly, through and by reason of the negligence of the Defendants as aforesaid, with no negligence on the part of the Plaintiff GREGORY BARRANTES contributing thereof.

29. That as a result of the aforesaid occurrence, Plaintiff, GREGORY BARRANTES, sustained serious injuries and still suffers and will continue to suffer physical pain and mental anguish and became sick, sore, lame and disabled and so remains and, upon information and belief, some of these injuries are permanent in nature.

30. By reason of the foregoing, Plaintiff GREGORY BARRANTES, was forced to seek the services of physicians and hospitals in an effort to effect a cure of his injuries, was caused to expend large sums of money for his medical care and attention and will, in the future, require additional medical care and attention.

31. The Plaintiff GREGORY BARRANTES is a "covered person" as defined by Section 5102(j) of the Insurance Law of the State of New York.

32. That Plaintiff, GREGORY BARRANTES , is entitled to recovery for non-economic and for all economic losses sustained.

## JURY DEMAND

33. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

34. **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

(a) Award to Plaintiff compensatory damages in the amount of $1,000,000

(b) Award reasonable attorney's fees and costs to the Plaintiff;

(c) grant such other relief as it may deem just and proper.

Dated: New York, New York
May 18, 2022

Respectfully submitted,

_____
Victor H. Saldarriaga (VS2191)